UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACOB C. BRIER, <br><br> Plaintiff, <br><br> v. <br><br> TITIANNA MOODY, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-423-HAB-SLC |

OPINION AND ORDER

Jacob C. Brier, a prisoner without a lawyer, filed a complaint and a motion seeking a preliminary injunction. ECF 1; ECF 4. He has filed eight complaints with this court since December 2024, seven of which were filed in the last two months.[1] He has sought preliminary injunctions in four of his eight cases.[2]

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] 3:24-CV-1006-GSL-JEM; 3:25-CV-320-HAB-SLC; 3:25-CV-397-JTM-APR; 3:25-CV-398-HAB-SLC; 3:25-CV-402-GSL-AZ; 3:25-CV-423-HAB-SLC; 3:25-CV-424-PPS-JEM; 3:25-CV-458-CCB-SJF.

[2] 3:24-CV-1006-GSL-JEM; 3:25-CV-320-HAB-SLC; 3:25-CV-397-JTM-APR; 3:25-CV-423-HAB-SLC.

Brier alleges that, since Feb 2024, he has been housed in the Westville Control Unit ("WCU") and the breakfast trays are handled in an unsanitary manner in WCU. He alleges that breakfast trays are prepared at 9:00 a.m., stacked in the hallway, and delivered at 3:00 a.m. the next morning. The building is allegedly infested with mice, rats, roaches, and other bugs. He claims he has found dead roaches, feces from rats, and hair from rats in his food. On one occasion, he allegedly ingested droppings and became sick. He also indicates that the food is stale and peanut butter has separated by the time he receives it. He has complained repeatedly to WCU Kitchen Worker Titianna Moody, Unit Manager Tracy Cornett, Correctional Major Mr. Cornett, Correctional Captain Mr. Rippa, Correctional Captain Mr. Lewis, Correctional Lieutenant Mr. Davilla, and Correctional Lieutenant Mr. Rojo. They indicate they have nowhere else to store the trays and they watch them to be sure mice and bugs do not get in them. Brier also wrote to Warden Jason Smiley about the food trays. He responded by saying the trays are stored in a safe and secure place, and he has never heard of WCU having a rat infestation.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the

Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Brier's complaints that food is stale and peanut butter is separated do not state a claim. "Prisoners have a right to adequate food, but not to food that is tasty or even appetizing." *Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017) (*quoting Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004)).

His allegations regarding receiving food with dead roaches, rat feces, and rat hair in it may state a claim if Brier provides more details and explains how each defendant was personally involved. He says he found rat droppings, rat hair, and roaches in his food on multiple occasions, but he does not say when. He does not explain what happens when he finds these things on his trays. Are the trays replaced? Or is he forced

3

to eat the food or go hungry? He is suing WCU Kitchen Worker Titianna Moody but he does not allege that the trays leave the kitchen with roaches, rat feces, or rat hair. He sues the remaining defendants merely because he has complained to them about how the trays are stored, but he has not alleged that any of these individuals were responsible for the decision to store the trays in the hall or that they had the authority to change where the trays are stored. He says that, on one occasion, he consumed rat feces and became sick, but he does not provide a date or explain how he knows he consumed contaminated food. He also does not explain the nature of his illness or why he believes it was caused by the contaminated food. Furthermore, he does not describe any medical care he received as a result of his illness.

Conclusory allegations are insufficient. A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words

4

on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not provide sufficient facts to state a claim for which relief can be granted. Nevertheless, if Brier believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Finally, Brier filed a motion asking for a preliminary injunction, but his complaint does not seek injunctive relief. ECF 1 at 5. Because his request falls outside the scope of the complaint, it cannot be granted. However, even if the complaint had asked for injunctive relief, it could not be granted here. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

5

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Brier has not made a clear showing that he is likely to succeed on the merits or that he will suffer irreparable harm in the absence of an injunction. Therefore, even if his complaint had contained a request for injunctive relief, his motion would be denied.

For these reasons, the court:

(1) DENIES Jacob C. Brier's Motion for Preliminary Injunction (ECF 4);

(2) GRANTS Jacob C. Brier until **July 9, 2025**, to file an amended complaint; and

(3) CAUTIONS Jacob C. Brier that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 5, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
