UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB C. BRIER,

    Plaintiff,

    v.      CAUSE NO. 3:25-CV-423-HAB-ALT

TITIANNA MOODY, et al.,

    Defendants.

OPINION AND ORDER

Jacob C. Brier, a prisoner without a lawyer, filed an amended complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brier was housed at the Westville Control Unit ("WCU") from February 2024 until his transfer to a different facility in July 2025. He alleges that the breakfast trays were handled in an unsanitary manner in WCU. The breakfast trays were stacked in a hallway nearly 24 hours before they were distributed to inmates.[1] The building was

---

[1] Brier's original complaint indicated that breakfast trays were prepared at 9:00 a.m., stacked in the hallway, and delivered at 3:00 a.m. the next morning. The amended complaint omits specific timeframes.

allegedly infested with mice, rats, roaches, and other bugs. Brier indicates that he found a roach wing in his food on December 2, 2024, dirt and dust in his peanut butter on December 26, 2024, rat feces in his cereal on February 19, 2025, mouse hair in his peanut butter on March 19, 2025, and a roach in his cereal on April 9, 2025. He felt sick many times after eating the food. On the occasion when he found rat feces in his cereal, he ingested it, became ill, and required medical care. Contaminated trays were disposed of on a near daily basis, and there were not usually enough extra trays for a replacement to be provided.

Brier complained repeatedly to WCU Kitchen Worker Titianna Moody, Unit Manager Tracy Cornett, Correctional Major Mr. Cornett, Correctional Captain Mr. Rippa, Correctional Captain Mr. Lewis, and Correctional Lieutenant Mr. Davilla. These individuals have offices in the hallway where the food was stored. The hall is lined with sticky traps to catch mice, and these individuals are aware of the traps. They claim they have nowhere else to store the trays, but officers watch them to be sure mice and bugs do not get in them. Brier points out that officers cannot plausibly watch the breakfast trays with enough attention to ensure that bugs and mice do not get in them for many hours each day. Brier asserts that each of these individuals participated in the decision to store the breakfast trays in this manner and had the authority to change the manner in which the food was stored.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts

conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

At this stage of the proceedings, this court must accept the allegations in the amended complaint as true and give Brier the benefit of all favorable inferences. Giving Brier the benefit of all favorable inferences, he has stated an Eighth Amendment claim against each of the named defendants for deliberate indifference to his conditions of

3

confinement by knowingly storing uncovered breakfast trays for nearly 24 hours at a time in a hallway where bugs, dirt, rats, and mice routinely contaminated the food.

Brier's complaint includes a request for preliminary injunctive relief, but Brier is no longer housed at the Westville Correctional Facility. Therefore, his request for injunctive relief is moot.

For these reasons, the court:

(1) GRANTS Jacob C. Brier leave to proceed against WCU Kitchen Supervisor Titianna Moody, Unit Manager Tracy Cornett, Correctional Major Mr. Cornett, Correctional Captain Mr. Rippe, Correctional Captain Mr. Lewis, and Correctional Lieutenant Mr. Davila in their individual capacities for compensatory and punitive damages for deliberate indifference to his conditions of confinement by knowingly storing breakfast trays uncovered in a hallway where bugs, dirt, rats, and mice routinely contaminate the food, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Unit Manager Tracy Cornett, Correctional Major Mr. Cornett, Correctional Captain Mr. Rippe, Correctional Captain Mr. Lewis, and Correctional Lieutenant Mr. Davila at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 9);

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) WCU Kitchen Supervisor Titianna Moody at Aramark, with a copy of this order and the complaint (ECF 9);

(5) ORDERS the Indiana Department of Correction and Aramark to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), WCU Kitchen Supervisor Titianna Moody, Unit Manager Tracy Cornett, Correctional Major Mr. Cornett, Correctional Captain Mr. Rippe, Correctional Captain Mr. Lewis, and Correctional Lieutenant Mr. Davila, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 27, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT