**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JACOB C BRIER (*a/k/a* JACOB BRIER),

    **Plaintiff,**

    **v.**

TITIANNA MOODY, *WCU Kitchen Supervisor, et al.*,

    **Defendants.**

Cause No. 3:25-cv-00423-ALT

**OPINION AND ORDER**

Jacob C. Brier, a prisoner without a lawyer, is proceeding in this case "against WCU Kitchen Supervisor Titianna Moody, Unit Manager Tracy Cornett, Correctional Major Mr. Cornett, Correctional Captain Mr. Rippe, Correctional Captain Mr. Lewis, and Correctional Lieutenant Mr. Davila in their individual capacities for compensatory and punitive damages for deliberate indifference to his conditions of confinement by knowingly storing breakfast trays uncovered in a hallway where bugs, dirt, rats, and mice routinely contaminate the food, in violation of the Eighth Amendment[.]" (ECF 19 at 4). On February 11, 2026, Defendants filed a motion for summary judgment, arguing Brier did not exhaust his available administrative remedies before filing this lawsuit. (ECF 37). With the motion, Defendants provided Brier with the notice required by N.D. Ind. L.R. 56-1(a)(4). (ECF 40). Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each

1

dispute of fact. This deadline passed over a month ago, but Brier still has not filed any response. Therefore, the Court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF") and Brier's grievance records, which show the following facts: During all relevant times, an Offender Grievance Process was in place at WCF and available to Brier. (ECF 37-1 at 2, 5). The Offender Grievance Process required Brier to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. (*Id.* at 2). Brier has properly utilized the Offender Grievance Process on numerous occasions at WCF. (*Id.* at 6). However, he never filed any grievance related to his claim that breakfast trays were being stored in an unsanitary manner. (*Id.* at 5-6). The Grievance Specialist concludes Brier's grievance records show he never exhausted any relevant grievance before filing this lawsuit. (*Id.*).

Here, Defendants have provided undisputed evidence showing Brier did not exhaust his available administrative remedies before filing this lawsuit. Specifically, it is undisputed that the Offender Grievance Process was available to Brier, but he did not submit any relevant grievance before he filed this lawsuit. Brier did not respond to Defendants' summary judgment motion, and the record contains no evidence he submitted any relevant grievance before filing this lawsuit or that his administrative remedies were in any way unavailable. Therefore, Defendants have met their burden to show Brier did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the Court:

(1) GRANTS Defendants' motion for summary judgment (ECF 37); and

(2) INSTRUCTS the clerk to enter judgment in favor of Defendants and against Jacob C. Brier and to close this case.

SO ORDERED. Entered this 1st day of May 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

3